■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELBERT FAIRLEY, JR., Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Albany County, rendered December 6, 1967, upon a verdict convicting defendant of the crime of first degree robbery. Appellant was indicted and charged with the crime of first degree robbery arising out of an assault and robbery allegedly committed by appellant and one Earl Jones on April 28, 1967, when they entered a gasoline station on the corner of Madison Avenue and Broadway in the City of Albany, and assaulted the gasoline station attendant, one Vincent Pupello, and robbed him of approximately $50. The victim Pupello was hospitalized for a period of 16 days and, while he was in the hospital, he was shown two photographs by a policeman from which he identified the appellant. A warrant was thereafter issued for appellant's arrest. After the issuance of the warrant, and on May 28, 1957, the appellant telephoned a member of the Albany City Police Department, Detective William Payne, who was a personal friend of the appellant, and arranged to meet with him at a gasoline station near Exit 24 of the New York State Thruway. On the afternoon of that day they met together, and appellant inquired of Payne whether or not a warrant had been issued for his arrest, and he was informed that it had been. During the conversation with Payne, appellant made certain statements which connected him with the assault on Pupello and the robbery that took place on April 28, 1967. Immediately following the meeting between appellant and Payne, two police officers arrived at the scene and arrested the appellant pursuant to the warrant. Thereafter, on October 11, 1967, a *Huntley* hearing was held in Albany County Court to determine the admissibility of the oral statements made by the appellant to Payne at the meeting between them on May 28, 1967. The County Judge held that the inculpatory statements made by the appellant at said meeting were voluntary in nature and admissible on the trial. The appellant was tried in Albany County Court on November 29 and November 30, 1967, during which Detective Payne testified as to the oral statements made by the appellant connecting him with the crime. Appellant contends that the trial court erred in admitting into evidence the alleged admissions made by him to Detective Payne, and also that the manner in which the victim identified appellant was a violation of due process of law. Appellant relies on the case of *Miranda* v. *Arizona* (384 U. S. 436) and argues that, since the *Miranda* warnings were not given by Detective Payne prior to their conversation on May 28, 1967, any statements made by him were not voluntary and cannot be used against him. The *Miranda* warnings are only required as a prerequisite to " in-custodial interrogation " when the person being interrogated was " in custody at the station or otherwise deprived of his freedom of action in any significant way." When a person, who has not actually been physically detained or formally placed under arrest, or has not been deprived of his freedom in any significant way is interrogated by a police officer, it is not required that he be advised prior to the interrogation of his rights to remain silent and to representation by counsel. (*People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1; *People* v. *Torres,* 21 N Y 2d 49; *People* v. *R. N.,* 23 N Y 2d 963.) The statements made by appellant to Detective Payne were freely given of his own volition without any compulsion or belief that his freedom of movement was restricted, and such statements were, therefore, voluntary and admissible. As to the question of the validity of the identification of appellant by the victim from two photographs exhibited to him in the hospital, such procedure did not violate appellant's constitutional rights. Shortly after the victim was hospitalized by reason of the assault, he gave a description of the two men who assaulted him to the police. With this description and after an investigation had been con-

ducted by the police, the victim was shown two photographs of suspects to the crime, which he identified as the men who robbed and assaulted him. Where a conviction is partially based on an identification of the defendant by a witness at the trial (such as here) following a pretrial identification by photographs, such conviction should be sustained unless "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (*Simmons* v. *United States*, 390 U. S. 377, 384.) The identification procedure followed in this case was reasonable and necessary for prompt apprehension of the suspects and in the factual surroundings of this case was not necessarily suggestive or conducive to misidentification, and was not such as to deny appellant due process of law. (Cf. *People* v. *Ballott*, 20 N Y 2d 600; *People* v. *Brown*, 20 N Y 2d 238.) Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J.